UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIMMER US INC., BIOMET ORTHOPEDICS LLC, and BIOMET SPORTS MEDICINE LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 3:16-cv-585 RLM-JEM ) |
| PAUL SIKKELEE and MEDACTA USA INC., | ) ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

Zimmer US, Inc., Biomet Orthopedics, LLC, and Biomet Sports Medicine, LLC sued Paul Sikkelee and Medacta USA, Inc. in Kosciusko County Circuit Court for breaching restrictive covenants, unfair competition, and tortious interference with contract. The defendants removed the case to this court and the plaintiffs now ask for remand.

I. BACKGROUND

The plaintiffs allege the following. Zimmer US, Biomet Orthopedics, and Biomet Sports Medicine are all subsidiaries of Zimmer Biomet Holdings, Inc. Paul Sikkelee was a sales representative for Zimmer Biomet medical devices, working for G. Barnett, Inc. d/b/a Biomet Summit Surgical. He signed non-compete and non-solicitation agreements in favor of Biomet Orthopedics and Biomet Sports Medicine. While in this position, he grew Zimmer Biomet's business with St.

Luke's Hospital in Columbus, North Carolina and, in particular, with surgeon Dr. Brian Rosenburg.

Mr. Sikkelee stopped selling devices for Biomet Summit Surgical and started selling for Medacta, another medical device company and Zimmer Biomet competitor. Soon after he started selling Medacta devices, St. Luke's Hospital and Dr. Rosenburg switched nearly all of their business from Zimmer Biomet to Medacta devices. Mr. Sikkelee continues to sell for Medacta and to court business from St. Luke's Hospital and Dr. Rosenburg. The plaintiffs claim that Mr. Sikkelee breached the non-compete and non-solicitation agreements in his contracts with Biomet Summit Surgical and in favor of Biomet Orthopedics and Biomet Sports Medicine.

Steve Kirschner was another sales representative for Zimmer Biomet medical devices. He signed a non-compete and non-solicitation agreement in favor of Zimmer US. Mr. Kirschner then stopped selling Zimmer Biomet products and began working as a territory manager for Medacta. In this position, he developed Medacta business in the same territory where he had sold Zimmer Biomet products.

After Zimmer US threatened to enforce the non-compete and non-solicitation agreement against Mr. Kirschner, Mr. Kirschner entered into a settlement agreement with Zimmer US, restricting the scope of his duties for Medacta and releasing Mr. Kirschner from Zimmer US's claims against him. The agreement didn't release Medacta. Even after settlement, Medacta allegedly

2

encouraged Mr. Kirschner to take part in recruiting activities that violated his settlement agreement.

The plaintiffs are suing Medacta for tortiously interfering with their respective contracts with Mr. Sikkelee and Mr. Kirschner. They sue Mr. Sikkelee for breaching and tortiously interfering with his non-compete and non-solicitation agreements with Biomet Sports Medicine and Biomet Orthopedics. They sue Mr. Sikkelee and Medacta for unfair competition by using confidential information Mr. Sikkelee acquired while selling Zimmer Biomet products for the benefit of Medacta.

The plaintiffs allege that Zimmer US is incorporated in Delaware and has its principal place of business in Indiana. They say Biomet Orthopedics and Biomet Sports Medicine are Indiana limited liability companies with their principal places of business in Indiana. They say Mr. Sikkelee is a citizen of North Carolina and Medacta is a Delaware corporation with its principal place of business in Illinois.

The plaintiffs sued in the Kosciusko County Circuit Court. The defendants then filed a notice of removal, removing the case to this court. 28 U.S.C. §§ 1441(a), 1446(a). The plaintiffs now ask this court to remand the case back to the county court, arguing that the defendants' notice was defective and that this court doesn't have subject matter jurisdiction. §§ 1332, 1447(c).

II. Discussion

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." Evers v. Astrue, 536 F.3d 651, 657 (7th Cir. 2008). Defendants in a state court case can remove to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). One route for original jurisdiction is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005); § 1332(a). To remove, the defendants must file a "notice of removal . . . containing a short and plain statement of the grounds for removal." § 1446(a).

Failure to comply with § 1446 is a "defect in the removal procedure" that justifies a motion to remand within 30 days of filing the notice of removal. § 1447(c); In re Cont'l Cas. Co., 29 F.3d 292, 293 (7th Cir. 1994). If the court lacks subject matter jurisdiction, it must remand, with or without motion, at any time. § 1447(c). "Any doubt regarding jurisdiction should be resolved in favor of the states[,] and the burden of establishing federal jurisdiction falls on the party seeking removal." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). The plaintiffs moved for remand within 30 days of the defendants' notice of removal. The plaintiffs argue that the notice was defective and that this court doesn't have subject matter jurisdiction. They also seek attorney fees and costs for litigating this motion.

4

A. Remand

The defendants' notice of removal claims that the court has diversity jurisdiction. § 1332(a). It says that the complaint alleges losses of millions of dollars related to customers switching their business from Zimmer Biomet devices to Medacta devices, which meets the $75,000 amount in controversy requirement. *Id.* To show complete diversity of citizenship, the defendants say that "Plaintiffs allege that they are citizens of the State of Indiana," and then go on to say that defendant Medacta is a citizen of both Delaware and Illinois, and that defendant Mr. Sikkelee is a citizen of North Carolina. This statement would seem to indicate that there is complete diversity between the parties.

But this statement of citizenship leaves out important details. First, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007). Both Biomet Orthopedics and Biomet Sports Medicine are limited liability companies. To determine whether this court has diversity jurisdiction, it must know all the states where these limited liability companies have citizenship. A statement that the "Plaintiffs allege that they are citizens of the State of Indiana" isn't enough.

Second, a corporation is a citizen of its state of incorporation and the state of its principal place of business. § 1332(c)(1). The complaint explicitly says that Zimmer US is incorporated in Delaware and has its principal place of business in Indiana. But instead of mentioning this in the notice of removal, the defendants only mention the plaintiffs' Indiana citizenship. The complaint and

notice say that Medacta is incorporated in Delaware and has its principle place of business in Illinois. Because both Zimmer US and Medacta seem to be Delaware citizens, there doesn't seem to be complete diversity. This would require remand for lack of subject matter jurisdiction, if not for defective notice.

The defendants respond that Zimmer US was improperly joined to the litigation. If it's true that Zimmer US was improperly joined as a plaintiff to destroy diversity jurisdiction, its citizenship doesn't count when determining diversity jurisdiction. Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993).

The defendants argue that the claims based on Mr. Kirschner's settlement agreement with Zimmer US don't belong in the same litigation as the claims based on Mr. Sikkelee's non-compete and non-solicitation covenants in favor of Biomet Orthopedics and Biomet Sports Medicine. Rule 20(a)(1)(A) requires that plaintiffs joined in a single action must "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that there exists a common question of law or fact. Fed. R. Civ. P. 20(a)(1)(A). The defendants argue that this litigation combines suits under two different sets of agreements; without the "same transaction, occurrence, or series of transactions or occurrences," Zimmer US's suit against Medacta shouldn't be part of Biomet Orthopedics' and Biomet Sports Medicine's suit against Mr. Sikkelee and Medacta. The joinder of Zimmer US as a plaintiff is inappropriate, the defendants say, and so Zimmer US should be dropped, thus ensuring complete diversity.

6

The defendants didn't raise this argument in the notice of removal. The notice of removal should "make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists." 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed. 2017). The court's jurisdiction relies on Zimmer having been improperly joined, so it is the defendants' burden to demonstrate the improper joinder. *See* Doe v. Allied-Signal, 985 F.2d at 911. The defendants didn't properly alert the court as to the basis for its jurisdiction.

The defendants also left out the crucial detail that would have triggered inquiry into fraudulent joinder at all: Zimmer's dual citizenship. 14C Wright et al., Federal Practice and Procedure § 3733 ("[F]or example, a notice of removal that fails to contain an allegation of a defendant corporation's dual citizenship— its state of incorporation and the state of its principal place of business—is defective when complete diversity of citizenship is the basis for removal."). Notice "should be sufficient if the court is provided the facts from which its jurisdiction can be determined." *Id.* But the defendants asserted diversity jurisdiction and left out the citizenship of a party whose citizenship would have seemingly destroyed jurisdiction. They also left out any basis for arguing that Zimmer was improperly joined, the only cure for the court's seeming lack of jurisdiction. Even if the defendants' improper joinder argument is correct, they still don't provide the citizenships of the limited liability company plaintiffs, which could still destroy jurisdiction even if Zimmer US is dropped.

To put it another way, the court could have remanded this case *sua sponte* on the belief that it lacks subject matter jurisdiction before the plaintiffs ever filed their motion to remand. Tylka v. Gerber Prods. Co., 211 F.3d 445, 447 (7th Cir. 2000); *see* § 1447(c). The lack of diversity, but for an un-argued fraudulent joinder argument, was patent on the faces of the notice and complaint.

Once the defendants became aware of the defects in their notice, they could have sought to amend it. § 1653; N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). They didn't do that, so the plaintiffs moved to remand on the obvious basis that the parties lacked complete diversity. The plaintiffs had no reason to rebut an argument of fraudulent joinder because the defendants didn't raise one. The court still isn't aware of all the citizenships of the LLC plaintiffs.

The court is required to "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states." Doe v. Allied-Signal, 985 F.2d at 911. To fulfill this duty and to give teeth to § 1446(a), remand is the appropriate remedy. It might seem harsh, but the defendants still have a perfectly good state forum.

If Zimmer US wasn't properly joined, the best course would have been for the defendants to challenge the joinder in state court. 14B Wright et al., Federal Practice and Procedure § 3723, *quoted in* Wolf v. Kennelly, 540 F. Supp. 2d 955, 962 (N.D. Ill. 2008). If the state court agreed that the case should be severed, then the defendants would have had another 30 days to remove. *See* § 1446(b)(3).

The court won't correct these errors and still doesn't have assurance that it has jurisdiction to keep this case.

B. Attorney Fees and Costs

The plaintiffs also ask that the defendants cover the attorney fees and costs associated with this motion to remand. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The court agrees that attorney fees and costs are appropriate here. The notice of removal was defective on its face. "[W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception," Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 698 (2003), but it's the defendants' job to show that removal is proper in the first instance, Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The notice of removal doesn't show the citizenships of the relevant entities and, if it did, this court's lack of jurisdiction would have been patent. If the defendants included this information, the notice still wouldn't convey why Zimmer US was improperly joined.

IV. CONCLUSION

Based on the foregoing, the plaintiffs' motion to remand [Doc. No. 12] is GRANTED, the plaintiffs are directed to file an accurate account of the attorneys' fees and costs associated with litigating this motion, the defendants are directed

9

to compensate the plaintiffs accordingly, and the Clerk is directed to remand this case to the Kosciusko County Circuit Court.

SO ORDERED.

ENTERED:  May 16, 2017

                                                   /s/ Robert L. Miller, Jr.
                                                  Judge
                                                  United States District Court